# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 1:14CR24-1 |
| vs. § | |
| § | |
| § | |
| PATRICIA CONTRERAS- § | |
| HERNANDEZ | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Patricia Contreras-Hernandez's supervised release based on violations of her supervised release conditions. Defendant waived her right to a revocation hearing and pleaded "true" to Allegation 2 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 4 months of imprisonment to run consecutive to the sentence imposed in Cause No. 6:15CR43 with no further supervised release.

*Background*

After pleading guilty to the offense of Illegal Reentry by a Removed Alien, Defendant was sentenced on July 21, 2014, by the Honorable Marcia A. Crone, United States District Judge, to 9 months of imprisonment to be followed by 3 years of supervised release. Defendant completed her term of imprisonment and began serving her term of supervised release on November 24, 2014.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on October 22, 2015, United States Probation Officer Beverly Matt alleges that Ms. Contreras-Hernandez

violated the conditions of her supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (3) the defendant shall permit the probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; (4) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (5) immediately upon release from confinement, the defendant shall be surrendered to a duty authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason reenters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Officer within seventy-two hours of release by immigration officials or re-entry into the country.

More specifically, it is alleged that Defendant was arrested by the Jacksonville Police Department on April 17, 2015 and charged with Public Intoxication-Class C and Failure to Identify-Fugitive Intent Give False Information-Class A. She was also arrested on warrants from Cherokee County, Texas, for a release of surety and a failure to appear, both for a previously reported Assault Causing Bodily Injury and a fail to appear for a previously reported Organized Retail Theft. In addition, on July 15, 2015, Defendant was indicted in the Eastern District of Texas for Criminal Alien Found Unlawfully Present in the United States After Deportation in Cause No. 6:15CR43.

Ms. Matt alleges that Defendant was deported to Mexico upon her release from imprisonment in the Federal Bureau of Prisons on December 9, 2014. Upon her return to the United States, Defendant did not report to the U.S. Probation Office as directed. Defendant additionally failed to report her address to the probation officer, which resulted in a failure to allow visits at her residence. Defendant did not report her April 17, 2015 arrest to the probation officer within seventy-two hours. Finally, Defendant did not report as instructed to the U.S. Probation Office upon her return to the United States.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Ms. Contreras-Hernandez's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Ms. Contreras-Hernandez violated her conditions of supervised release by committing the offense of Criminal Alien Found Unlawfully Present in the United States After Deportation as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Ms. Contreras-Hernandez's original criminal history category was I. The

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Guidelines, therefore, provide that Ms. Contreras-Hernandez's guideline range for a Grade B violation is 4 to 10 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Ms. Contreras-Hernandez violated her conditions of supervised release by committing the offenses of Public Intoxication-Class C, Failure to Identify-Fugitive Intent Give False Information-Class A, release of surety and failure to appear, failing to report to the U.S. Probation Office as directed, failing to permit home visits, failing to report her arrest within seventy-two hours and failing to report to the U.S. Probation Office upon her return to the United States, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Ms. Contreras-Hernandez's original criminal history category of I, the guidelines provide that Ms. Contreras-Hernandez's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

*Hearing*

On March 1, 2016, Ms. Contreras-Hernandez appeared for an initial appearance. Ms. Contreras-Hernandez's counsel, Assistant Federal Defender Ken Hawk, and Assistant United States Attorney Allen Hurst announced that an agreement was reached for Ms. Contreras-Hernandez to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 4 months of imprisonment to run consecutive to Defendant's sentence in Cause No. 6:15CR43 with no further supervised release. The Government additionally agreed to abandon the remaining allegations in the petition. After the Court explained to Ms. Contreras-Hernandez her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant requested a recommendation to the Bureau of Prisons to designate her to FCI Carswell.

*Findings and Conclusions*

I find that Ms. Contreras-Hernandez is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Ms. Contreras-Hernandez's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Ms. Contreras-Hernandez is guilty of a Grade C supervised release violation. I further find and conclude that Ms. Contreras-Hernandez's term of supervised release should be revoked and that she should be sentenced to 4 months of imprisonment to run consecutive to the sentence imposed in Cause No. 6:15CR43 with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Ms. Contreras-Hernandez's term of supervised release be **REVOKED** and that she be sentenced to 4 months of imprisonment to run consecutive to the sentence imposed in Cause No. 6:15CR43 with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Ms. Contreras-Hernandez of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Ms. Contreras-Hernandez waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Ms. Contreras-Hernandez's supervised release and enter a

Judgment and Commitment for her to be imprisoned for a period of 4 months to run consecutive to the sentence imposed in Cause No. 6:15CR43 with no further supervised release.

So ORDERED and SIGNED this 1st day of March, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE